**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTHUR PADILLA., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 17-CV-1182 W (NLS) <br><br> **ORDER:** <br><br> **(1) DENYING DEFENDANT'S MOTION TO STRIKE [DOC. 29];** <br><br> **(2) DENYING PLAINTIFF'S MOTION TO STRIKE [DOC. 33];** <br><br> **(3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 21]** |

Pending before the Court are two motions to strike filed by Defendant and Plaintiff [Docs. 29, 33], and Defendant's motion for summary judgment. [Doc. 21.] The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** Defendant's motion to strike [Doc. 29], **DENIES** Plaintiff's motion to strike [Doc. 33], and **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment. [Doc. 21.]

//

1

## I. BACKGROUND

On or around February 2015, Plaintiff Arthur Padilla worked for Napa Auto Parts in a building owned by the United States on a naval base in San Diego, California. (*First Amended Compl. ("FAC")* [Doc. 5] ¶¶ 22–23; *Joint Statement of Disputed and Undisputed Facts ("JSDUF")* [Doc. 34] ¶ 1.)

Between February and March 2015, parts of the building where Plaintiff worked were being remodeled. (*JSDUF* [Doc. 34] ¶ 6.) The renovations included removing drywall, opening walls up, and other demolitions. (*Id.* [Doc. 34] ¶ 7.) On November 11, 2015, eight months after renovations at the building were complete, Plaintiff saw his doctor about a cough. (*Id.* [Doc. 34] ¶ 15.) Plaintiff alleges that his cough and other injuries were caused by the conditions to which he was exposed during the renovations. (*FAC* [Doc. 5] ¶¶ 31–32.)

On June 13, 2017, Plaintiff filed a complaint against Defendants Department of the Navy, the United States of America, and Does 1 through 50 alleging nuisance and negligence. (*See Compl.* [Doc. 1].) On September 29, 2017, the United States filed a motion to dismiss for lack of jurisdiction, which the Court denied on December 1, 2017. (*See Def.'s MTD* [Doc. 4]; *Dec. 1, 2017 Order* [Doc. 9].) On October 18, 2017, Plaintiff filed a First Amended Complaint ("FAC"). (*FAC* [Doc. 5].) On November 21, 2018, the United States filed a Motion for Summary Judgment. (*Def.'s MSJ* [Doc. 24].) Plaintiff opposes. (*Pl.'s MSJ Opp'n* [Doc. 24].)

Both Plaintiff and Defendant have filed motions to strike after the lapse of the applicable scheduling order deadline for filing pretrial motions. (*Def.'s MTS* [Doc. 29]; *Pl.'s MTS* [Doc. 33]; *Scheduling Order* [Doc. 13]; *Amended Scheduling Order* [Doc. 17].) Neither moves to amend the scheduling order.

//
//
//
//

## II. LEGAL STANDARDS

### A. Motion to Strike

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The court may act . . . on its own[,] or . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Id. " 'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .' " Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994)). Motions to strike are generally disfavored and are "usually . . . denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." See Travelers Cas. & Sur. Co. of Am. v. Dunmore, 2010 WL 5200940, at *3 (E.D. Cal. 2010).

Redundant matter is the needless repetition of assertions. See Dunmore, 2010 WL 5200940, at *3. " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.' " Whittlestone, 618 F.3d at 974 (quoting Fogerty, 984 F.2d at 1527). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal quotation omitted). "Scandalous matters are allegations that unnecessarily reflect . . . on the moral character of an individual or state . . . anything in repulsive language that detracts from the dignity of the court." Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quoting Corbell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004)).

### B. Motion for Summary Judgment

Summary judgment is appropriate under Rule 56 when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment

3

as a matter of law. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this "burden of production" in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. See id. at 322–25; Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102–03 (9th Cir. 2000) (explaining relevant burden-shifting terminology). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

"[T]he district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the Court is not obligated "to scour the record in search of a genuine issue of triable fact . . . ." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)).

If the moving party meets its initial burden of production on the motion, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995) (citing Anderson, 477 U.S. at 252) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her

own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" ruling on a motion for summary judgment. Anderson, 477 U.S. at 255.

## III. DISCUSSION

### A. Motions to Strike

Defendant moves to strike the declaration of Dr. Ronald Simon, filed by Plaintiff on January 7, 2019 along with his opposition to Defendant's motion for summary judgment. (*Def.'s MTS* [Doc. 29]; *Simon Decl.* [Doc. 24-3].) The government contends that Dr. Simon's declaration introduced a new methodology that was not disclosed by the appropriate discovery deadline. (*Def.'s MTS* [Doc. 29] (quoting *Simon Decl.* [Doc. 24-3] ¶¶ 7–8, 10–12).)

Plaintiff moves to strike the report of one of Defendant's expert witnesses, Mr. Daniel Baxter. (*Pl.'s MTS* [Doc. 33].) Mr. Baxter's report was produced to Plaintiff on October 1, 2018. (*Id.* [Doc. 33-1] 2.) It was filed along with Defendant's motion for summary judgment. (*Baxter Report* [Doc. 21-2, Exh. 12].)

A scheduling order "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Both motions were brought after the October 29, 2018 deadline for filing pretrial motions. (*Scheduling Order* [Doc. 13]; *Amended Scheduling Order* [Doc. 17].) See Fed. R. Civ. P. 16(b)(4). Neither party seeks to amend the scheduling order. Such an

5

amendment is a prerequisite for the Court's consideration of a motion filed after the lapse of the relevant deadline. The motions to strike will be denied.

### B. Motion for Summary Judgment
#### 1. The Court Has Jurisdiction Over Plaintiff's Nuisance Claim.

"Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " United States v. Dalm, 494 U.S. 596, 608 (1990) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)) (internal quotation omitted). The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for claims that are:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). State "statutory and decisional law governs the determination of the United States' liability under the FTCA." See Jones v. United States, 773 F.2d 1002, 1003 (9th Cir. 1985).

Defendant argues that the FTCA does not waive sovereign immunity in this case because "Plaintiff bases his nuisance claim on statute – California Civil Code § 3479 – not common law . . . [and] the FTCA only permits actions for 'certain common law torts.' " (*Def.'s MSJ* [Doc. 21] 8:1–13.) Defendant is incorrect.

Again, the FTCA waives sovereign immunity "for injury . . . caused by . . . the wrongful act . . . of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act . . . occurred." 28 U.S.C. § 1346. Defendant provides no cogent reasoning as to why

nuisance is not a wrongful act for which a private person would be liable pursuant to California law. This argument fails.

## 2. Plaintiff Lacks Standing to Pursue a Nuisance Claim.

Defendant contends that Plaintiff lacks standing to pursue a nuisance claim under Cal. Civ. Code § 3479 because he does not own an interest in the building where he was allegedly injured. (*Def.'s MSJ* [Doc. 21] 9:16–10:6.)

"California nuisance law is a creature of statute." Coldwell Banker Residential Brokerage Co. v. Superior Court, 117 Cal. App. 4th 158, 169 (2004) (internal quotation omitted).

> Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance.

Cal. Civ. Code § 3479. As to who may bring a nuisance claim:

> An action [for nuisance] may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, as defined in Section 3479 of the Civil Code, and by the judgment in that action the nuisance may be enjoined or abated as well as damages recovered therefor.

Cal. Civ. Proc. Code § 731.

" 'The essence of a private nuisance is an interference with the use and enjoyment of land' and '. . . without it, the fact of personal injury, or of interference with some purely personal right, is not enough for such a nuisance.' " Venuto v. Owens-Corning Fiberglas Corp., 22 Cal. App. 3d 116, 124–25 (1971) (quoting Prosser on Torts (3d ed. 1964) 611, 611 n. 91.) "It is long established that 'an action based upon a private nuisance as that term is known to the law may be maintained only by those whose property rights have been invaded; that while a [lawful] possessor of land is allowed to

7

17-CV-1182 W (NLS)

recover incidental damages for harms to his person or chattels in an action for private nuisance, the action is not available for the protection of those interests to a person who has no property rights or privileges in land.' " Multani v. Knight, 23 Cal. App. 5th 837, 855 (2018) (quoting Neuber v. Royal Realty Co., 86 Cal. App. 2d 596, 624 (1948), *overruled in part on other grounds by* Porter v. Montgomery Ward & Co. Inc., 48 Cal. 2d 846, 850 (1957)).

The FAC alleges private nuisance. (*FAC* [Doc. 5] ¶ 41.) Plaintiff must allege an interference with a property right. See Cal. Civ. Code §§ 731, 3479; Venuto, 22 Cal. App. 3d at 124–25; Multani, 23 Cal. App. 5th at 855. Plaintiff concedes he has no property right. (*Pl.'s MSJ Opp'n* [Doc. 24] 12:23–14:12.) Thus, Plaintiff does not have standing to pursue a private nuisance claim under Cal. Civ. Code § 3479. Defendant's motion for summary judgment will be granted as to the nuisance claim.

### 3. Defendant is Not Entitled To Summary Judgment on Plaintiff's Negligence Claim.

Defendant contends that there is no triable issue as to causation.[1] (*Def.'s MSJ* [Doc. 21-1] 10:7–15:13.) Defendant is incorrect.

" 'The elements of a cause of action for negligence are well established. They are: (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury.' " Miranda v. Bomel Constr. Co., 187 Cal. App. 4th 1326, 1335 (2010). (quoting Ladd v. County of San Mateo, 12 Cal. 4th 913, 917–18 (1996)) (internal quotation omitted). "Ordinarily, a plaintiff may establish proximate cause without the testimony of an expert by providing evidence that indicates the defendant's conduct was a substantial factor in producing plaintiff's damages." Id. "However, 'the law is well settled that in a personal injury action causation must be

---

[1] Defendant mentions the element of breach of duty, but it only discusses causation in significant depth. (*Def.'s MSJ* [Doc. 21-1] 10:7–15:13.)

8

proven within a reasonable medical probability based upon competent expert testimony.'" Id. (quoting Jones v. Ortho Pharma. Corp., 163 Cal. App. 3d 396, 402–03 (1985)). While there can be many causes of an illness, "[a] possible cause only becomes 'probable' when, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was a result of its action." Id. Mere possibility alone is insufficient to establish a prima facie case." Miranda, 187 Cal. App 4th at 1335. "This is the outer limit of inference upon which an issue may be submitted to a jury." Jennings v. Palomar Pomerado Health Systems, Inc., 114 Cal. App. 4th 1108, 1118 (2003).

Defendant suggests that Plaintiff cannot show the existence of mold in the building except by the testimony of experts who visited the site in question. (*Def.'s MSJ* [Doc. 21-1] 10:7–15:13.) This is not so. Plaintiff must show that his exposure to mold in the building was, "in reasonable medical probability, . . . a substantial factor" in causing or contributing to his illness. See Miranda, 187 Cal. App. 4th at 1335; Scalfani v. Air & Liquid Systems Corp., 14 F. Supp. 1351, 1358–59 (C.D. Cal. 2014). This does not imply that he cannot establish the conditions in the building using non-expert evidence, and then use an expert to demonstrate causation by linking those conditions to the Plaintiff's illness. See, e.g., Sarti v. Salt Creek Ltd., 167 Cal. App. 4th 1187, 1207 (2008); Miranda, 187 Cal. App. 4th at 1326.

Plaintiff provides: (1) photographs of conditions inside the walls of Building 3122; (2) testimony of two lay witnesses who saw mold inside the walls of Building 3122; and (3) his own declaration stating that he saw mold in the building. (*Opp. to MSJ* [Doc. 24] 2–4 (citing *Photographs* [Doc. 24-1, Exhs. 14-18]; *Blackmon Depo*. [Doc. 24-1, Exh. 1] 20:3-21:9; *Zapata Depo*. [24-1, Exh. 2] 25–27; *Padilla Decl.* [Doc. 24-2] ¶ 13.) He further provides the declaration of Dr. Ronald Simon, a medical doctor who is board-certified in allergy and immunology and the Emeritus Head of the Division of Allergy, Asthma, & Immunology at Scripps Clinic. (*Simon Decl.* [Doc. 24-3].) Dr. Simon declares that he has diagnosed Plaintiff with "advanced, chronic hypersensitivity pneumonitis, an interstitial lung disease, caused from exposure to aspergillus flavus and a

variety of dusts[.]" (*Id.* [Doc. 24-3] ¶ 14.) He opines that "the conditions present at the time of [Plaintiff's] exposure are consistent with such a diagnosis and opinion. There is no other history of which I'm aware in this patient's past that would support such a diagnosis than that his exposure to the workplace conditions in early 2015 caused his current diagnosis." (*Id.*)

A reasonable jury could rely on this evidence and conclude that the conditions in Plaintiff's work site during the renovations caused Plaintiff's injury. The circumstantial and expert evidence is sufficient to give rise to a genuine dispute for trial on the issue of causation. See Miranda, 187 Cal. App. 4th at 1335.

Defendant's motion for summary judgment will be denied as to the negligence claim.

IV. CONCLUSION & ORDER

Defendant's motion to strike is **DENIED**. [Doc. 29.]

Plaintiff's motion to strike is **DENIED**. [Doc. 33.]

Defendant's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. [Doc. 21.] Specifically, it is granted as to Plaintiff's nuisance claim. It is denied as to Plaintiff's negligence claim.

**IT IS SO ORDERED**.

Dated: May 3, 2019

Hon. Thomas J. Whelan
United States District Judge