UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PADILLA,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | Case No.: 3:17-cv-1182-W-AHG<br><br>**ORDER REGARDING JOINT MOTION ON DISCOVERY DISPUTE**<br><br>**[ECF Nos. 59, 65]** |

## I.    BACKGROUND

On September 12, 2019, the Court held a telephonic status conference to attempt to resolve the present discovery dispute and to set a briefing schedule if the parties could not come to an agreement. ECF No. 56.[1] This Joint Motion followed. ECF No. 65.

The dispute arises from Plaintiff's opposed request to reopen discovery for the sole purpose of allowing his medical expert, Dr. Ronald A. Simon, to present his response to Defendant's experts' opinions of August 2, 2019. ECF No. 65 at 1-3. Defendant already prevailed on a similar motion before the Magistrate Judge previously assigned to this case.

---

[1] An earlier version of the same Joint Motion was mistakenly filed and later withdrawn by Plaintiff's counsel. *See* ECF Nos. 59; 64. Thus, the Court will deny the earlier version (ECF No. 59) as moot.

1

*See* ECF Nos. 47-50. To an extent, both motions also revive a dispute already resolved by the District Judge in denying the parties' cross-motions to strike one another's expert opinions in whole or in part. *See* ECF Nos. 29, 33, 41. To elaborate, the deadline for expert designations in this matter was September 17, 2018, and the deadline to file and serve rebuttal reports was October 1, 2018. Plaintiff designated three experts by the first deadline, including medical doctor Dr. Simon. Defendant also designated a medical doctor, Dr. Andrew Saxon, in the first expert exchange, and designated Dan Baxter, a mold testing/environmental expert as a rebuttal expert witness on October 1, 2018. Defendant relied in part on Mr. Baxter's rebuttal report to support its Motion for Summary Judgment (ECF No. 21). In turn, Plaintiff attached a Declaration by Dr. Simon to its response brief on Defendant's summary judgment motion (ECF. No. 24-3), including certain opinions that countered portions of Mr. Baxter's rebuttal report. Defendant then moved to strike the Declaration, arguing it contained new and untimely expert opinions and lacked a reliable methodology. *See* ECF No. 29. Plaintiff also moved to strike Mr. Baxter's rebuttal report in its entirety as untimely and improper, arguing his opinions were not properly classified as rebuttal opinions. ECF No. 33. The District Judge denied both parties' motions to strike as untimely. ECF No. 41.

Although the Court denied the motions to strike, Defendant successfully moved to permit the reopening of expert discovery for the sole purpose of providing responses to Paragraphs 8, 11, and 12 of Dr. Simon's Declaration (ECF No. 24-3), because the Court agreed that the opinions in those paragraphs were new. *See* ECF Nos. 47; 50. Defendant provided Dr. Saxon's and Mr. Baxter's responses to Dr. Simon's opinions on August 2, 2019. Now, Plaintiff requests a similar remedy: to reopen discovery so that he may produce to Defendant Dr. Simon's written six-page reply to Dr. Saxon's and Mr. Baxter's August 2nd opinions, dated September 3, 2019, "to provide substantiation to the opinions set forth in these three paragraphs of Dr. Simon's declaration." ECF No. 65 at 5. Defendant opposes Plaintiff's Motion on the grounds that (1) Rule 26(e)(1) only permits supplementation of expert reports for the purposes of correcting inaccurate information in the initial report or

1 adding information that was previously unavailable, neither of which applies here; and (2) the supplement is automatically excluded under Rule 37(c)(1) because Plaintiff cannot prove it is substantially justified or harmless. *See id.* at 6-10. If the Court grants Plaintiff's request, Defendant asks that Dr. Saxon and Mr. Baxter be allowed to review and respond to the six-page supplement as well as all of the authorities cited therein. *Id.* at 8. Additionally, Defendant requests a continuance of the pretrial schedule to give its experts time to complete their review and response. *Id.* at 12.

## II. DISCUSSION

As a preliminary matter, the Court should correct the parties' seeming misconception that this Order operates as a ruling on the evidence permitted to come in at trial. For example, Plaintiff contends he will be prejudiced if the Court denies his request because the Scheduling Order states that a party who fails to disclose an expert opinion may be barred from using it at trial. ECF No. 65 at 5. *Accord* Fed. R. Civ. P. 37(c)(1). Plaintiff expressly "seeks permission to allow his medical expert to respond to the defense experts' August 2, 2019 opinions *so the response to them may be used at trial*[,]" and, as an alternative to reopening discovery, Plaintiff requests that he be allowed to ask Dr. Simon to substantiate his opinions in Paragraphs 8, 11, and 12 of his Declaration during trial. *Id.* at 3 (emphasis added). Further, in support of his motion, Plaintiff argues the request "is justified by the timing of the defense expert disclosures" and "granting the motion would be harmless to [D]efendant[,]" which also tracks the language of the Rule 37(c)(1) standard governing whether a party's failure to disclose or supplement excludes the evidence at trial. Similarly, Defendant relies on *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) to argue it would be proper for the Court to exclude from evidence any opinions in Dr. Simon's supplemental reply as a discovery sanction under Rule 37(c)(1). ECF No. 65 at 11-12.

However, the question of the admissibility of any evidence at trial is a matter for the District Judge presiding over the trial to decide. *See, e.g.*, *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998) ("If full compliance with Rule 26(a) and 26(e)(1) is not

made, Rule 37(c)(1) mandates some sanction, the degree and severity of which are *within the discretion of the trial judge*.") (emphasis added); *Erickson v. ING Life Ins. & Annuity Co.*, No. CV09-204-S-EJL, 2011 WL 4583844, at *7 (D. Idaho Sept. 6, 2011), *report and recommendation adopted*, No. CV09-204-S-EJL, 2011 WL 6056902 (D. Idaho Dec. 6, 2011) (declining to reach the merits of or admissibility of certain evidence at issue because "[a]dmissibility of the evidence on a question of fact for trial is a matter for the trial judge to decide."). Thus, ordinarily, the only question properly before the Magistrate Judge on a motion to reopen discovery to permit late supplementation of an expert report would be whether the movant has shown good cause to modify the Scheduling Order under Rule 16(b)(4). *See, e.g.*, ECF No. 50 at 3-4 (evaluating Defendant's similar motion to reopen discovery for the purpose of allowing Dr. Saxon and Mr. Baxter to respond to Dr. Simon's Declaration under the Rule 16 "good cause" standard).

Here, the question is even less complicated than in the ordinary case because Plaintiff's supplementation of Dr. Simon's expert report is timely under the operative Scheduling Order. Rule 26(e)(2), which governs the supplementation of expert reports, provides that "[a]ny additions or changes" to a party's Rule 26(a)(2)(B) expert report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). After this matter was transferred from the previously assigned Magistrate Judge to the undersigned, the Court issued an Amended Scheduling Order setting the Rule 26(a)(3) pretrial disclosure deadline on November 14, 2019. ECF No. 52 at 2. Therefore, Plaintiff may timely produce Dr. Simon's supplementation to Defendant without reopening discovery. Plaintiff's motion to reopen discovery is thus **DENIED as moot** and his request to produce the supplement to Defendant is **GRANTED**.

Once more, the Court emphasizes that its ruling on this Motion has no bearing whatsoever on what evidence will be heard at trial, which does not come within the purview of the Magistrate Judge unless exclusion is sought as a sanction for discovery violations under Rule 37. Even then, the issue would ordinarily be handled as a recommendation to the trial judge. If either party believes that Rule 37 sanctions are warranted against the other

party for discovery violations at this juncture, that issue should be raised by separate motion. Alternatively, the parties should file the appropriate motion in limine or *Daubert* motion for the District Judge to make evidentiary rulings governing the trial.

To the extent Defendant's portion of the Joint Motion is intended to operate as a motion seeking Rule 37 sanctions, it is **DENIED**. Even if Dr. Simon's supplement were untimely under the Scheduling Order, Defendant's invocation of Rule 37 discovery sanctions would make little sense given that Plaintiff sought leave of Court to reopen discovery so that the disclosure of Dr. Simon's supplemental reply would *not* be untimely, just as Defendant sought leave to reopen discovery from the previously assigned Magistrate Judge in order to *timely* produce Dr. Saxon's and Mr. Baxter's responses to Dr. Simon's Declaration. *See* Fed. R. Civ. P. 26(a)(2)(D) (setting standard deadlines governing the timing of expert disclosures "[a]bsent . . . a court order"); Fed. R. Civ. P. 26(e)(1)(A) (permitting supplementation of disclosures "as ordered by the court" as an alternative to the standards that typically apply). Therefore, even if the supplementation were untimely, Defendant has failed to show that Plaintiff has committed a discovery violation meriting its exclusion under Rule 37(c)(1) by seeking leave of Court to reopen discovery in order to produce it.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** Plaintiff's request to reopen discovery, **GRANTS** Plaintiff's request to produce Dr. Simon's supplement to Defendant, and **DENIES** Defendant's motion for automatic exclusion of the supplement under Rule 37(c)(1) in the parties' Joint Motion (ECF No. 65). Additionally, the Court **DENIES as moot** the parties' withdrawn Joint Motion on the same discovery dispute (ECF No. 59).

\
\
\
\

Finally, the Court reiterates that **<u>nothing in this Order should be construed as a ruling on the evidence that is admissible at trial.</u>**

**IT IS SO ORDERED.**

Dated: October 22, 2019

*Allison H. Goddard*
Honorable Allison H. Goddard
United States Magistrate Judge